IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WISCONSIN LABORERS HEALTH FUND,
WISCONSIN LABORERS PENSION FUND,                    ORDER
BUILDING & PUBLIC WORKS LABORERS
VACATION FUND, THOMAS FISHER,                       09-cv-619-bbc
WISCONSIN LABORERS DISTRICT COUNCIL
and WISCONSIN LABORERS-EMPLOYERS
COOPERATION AND EDUCATION TRUST FUND,

              Plaintiffs,

  v.

CDB ENTERPRISE, LLC,

             Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiffs have brought this action under the Employment Retirement Income and Security Act of 1974, 29 U.S.C. §§ 1001-1461. On November 20, 2009, defendant CDB Enterprise, a Wisconsin limited liability company, filed an answer signed by Dana Bowar, who does not appear to be a licensed attorney. Plaintiffs move to strike the answer because a limited liability company cannot be represented by someone who is not a licensed attorney.

      Under Fed. R. Civ. P. 11, "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally

1

if the party is unrepresented." It is well established that a corporation may appear in the federal courts only through licensed counsel. Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993); Muzikowski v. Paramount Pictures Corp., 322 F.3d 918, 924 (7th Cir. 2003). This rationale "applies equally to all artificial entities," Rowland, 506 U.S. at 202, including limited liability companies. E.g., United States v. Hagerman, No. 08-2670, slip op. at 4-5 (7th Cir. Sept. 26, 2008); Lattanzio v. COMTA, 481 F.3d 137, 140 (2d Cir. 2007); Kipp v. Royal & Sun Alliance Personal Ins. Co., 209 F. Supp. 2d 962, 963 (E.D. Wis. 2002). Thus defendant CDB Enterprise's answer has not been properly filed because it is not signed by an attorney.

Kipp, 209 F. Supp. 2d 962, involved a situation similar to this one. After the defendant limited liability company filed an answer that was signed by an individual who was not an attorney, the court treated the answer as unsigned, gave the defendant a chance to file another answer signed by counsel and warned the defendant that failure to comply with its order would result in entry of default. Id. at 963. I agree that this is the appropriate course of action. Therefore, I will grant plaintiffs' motion and give defendant until January 5, 2010 to retain counsel and file a new answer. If, by then, defendant does not file an answer signed by counsel, I will ask the clerk to enter default against it pursuant to Fed. R. Civ. P. 55(a).

ORDER

IT IS ORDERED that

1. Plaintiffs' motion to strike is GRANTED and defendant CDB Enterprise's answer, dkt. #4, is STRICKEN.

2. Defendant may have until January 5, 2010, in which to file an answer that complies with Fed. R. Civ. P. 11(a). If defendant fails to file a proper answer by January 5, 2010, the court may, on its own motion or a motion from plaintiffs, order the clerk of court to enter default against defendant.

Entered this 15th day of December, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3